FILED - GR
October 4, 2010 11:31 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald /_____ SCANNED BY /hd / 10-5-10

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LARRY SPENCER,

    Plaintiff,

vs.

ALVIN SWANSON, JR., ANNETTE SMEDLEY, and JOSEPH BADER,

    Defendants.

C.A. No. _____

**1:10-cv-970**
**Paul L Maloney**
**Chief U.S. District Judge**

Hon. _____
United States District Judge

_____/

Douglas A. Merrow (P35805)
LAW OFFICE OF DOUGLAS A. MERROW, PLLC
Attorney for Larry Spencer
341 South Pitcher Street
Kalamazoo, MI 49007
(269) 323-1003

Robert W. Drake (P71578)
Co-counsel for Plaintiff
341 South Pitcher Street
Kalamazoo, MI 49007
(269) 267-7536

Theodore N. Williams, Jr. (P32291)
Eric C. Grimm (P58990)
WILLIAMS, HUGHES & COOK, PLLC
Attorneys for Joseph Bader
120 West Apple Avenue
P.O. Box 599
Muskegon, MI 49443-0599
Email: tedwillliams@whcspc.com

_____/

### NOTICE OF REMOVAL BY DEFENDANT
### JOSEPH J. BADER

    Now Comes the Defendant, Joseph J. Bader, by and thorough his Attorney, Theodore N. Williams, Jr., of the Law Firm of Williams, Hughes & Cook, PLLC, and pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully removes this civil action from the 14th Circuit Court for the County of Muskegon, State of Michigan, where it is currently pending under the caption Larry Spencer v. Alvin Swanson, Jr., *et al.*, Case No. 10-47429-NM (14th Mi. Cir. Ct. *filed* Aug. 5, 2010) (Hicks, J.), to the United States District Court for the Western District of Michigan, Southern Division, sitting in Grand Rapids.

In support of this Notice of Removal, Defendant Bader respectfully states:

1. Defendant Bader received a copy of the Summons and Complaint, in the state-court civil action (No. 10-47429-NM), on September 28, 2010, when he was formally served.

2. This Notice of Removal is being filed within thirty (30) days of initial receipt of the Summons and Complaint, as required by 28 U.S.C. § 1446(b). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356; 119 S. Ct. 1322 (1999) (establishing uniform standard for when 30-day removal period commences).

3. Attached as Exhibit A is a true and correct copy of the Summons and Complaint, from the state court civil action (No. 10-47429-NM), accompanied by any and all other documentation required by 28 U.S.C. § 1446 (i.e., "all process, pleadings, and orders served upon such defendant").

4. This dispute arises out of a criminal prosecution in state court. See People v. Larry Darnell Spencer, No. 08-56645-FH (14th Mi. Cir. Ct. *filed* July 16, 2008) (Graves, J.); see also State v. Larry Darnell Spencer, No. 08102005FD (60th Mi. Dist. Ct. *filed* July 7, 2008) (Closz, J.) (matter was remanded to District Court, following hearing on October 7, 2008).

5. Plaintiff Larry D. Spencer was the criminal defendant in the state-court criminal prosecution referenced in the preceding paragraph, and entered a plea of guilty in open court on or about September 10, 2008. A true and correct copy of the transcript from the September 10, 2008, plea hearing is attached as Exhibit B.

6. At the above-referenced hearing held on October 7, 2008, Plaintiff was allowed by the state circuit court to withdraw his September 10, 2008, plea of guilty, and

the criminal case was remanded to district court. A true and correct copy of the transcript from the October 7, 2008, hearing before Judge Graves, is attached as Exhibit C.

7. Subsequently, following remand to the 60th District Court, Plaintiff on or about February 27, 2009, entered a guilty plea to two charges – DWLS 2nd (driving with license suspended, second offense, MCL 257.904(1), (3)(b)) and OPER INTOX (operating a motor vehicle while intoxicated, MCL 257.625).

8. Following the initial bind-over from district court to circuit court, on or about July 14, 2008, Defendant Alvin Swanson, Jr., was assigned to represent Plaintiff Spencer as defense counsel in the circuit court criminal case, because Spencer then claimed that he was indigent.

9. Defendant Annette Smedley, at Mr. Swanson's request, also appeared as criminal defense counsel, in the case People v. Spencer, No. 08-56645-FH (14th Mi. Cir. Ct. *filed* July 16, 2008). Ms. Smedley appeared both on September 10, 2008, and on October 7, 2008. See Exhs. B, C.

10. Defendant Joseph J. Bader is the Chief Trial Attorney, in the Office of the Prosecuting Attorney, for the County of Muskegon.

11. Among other involvement in the state court criminal case, both at the circuit court and district court levels, Defendant Bader appeared as prosecuting attorney for the hearings held on September 10, 2008, and on October 7, 2008.

12. Defendant Bader's activities in connection with the state-court criminal case were purely prosecutorial in nature, and involved the performance of core prosecutorial functions.

13. All allegations about Bader in the Plaintiff's Complaint involve prosecutorial actions that are intimately associated with the judicial phase of the criminal process.

14. The Complaint, on its face, purports to allege a violation of "42 U.S.C. § 1983" by Defendant Bader. See Compl., at 11, 12.

15. The Complaint does not allege any actions or activities by Defendant Bader, in any function other than a purely prosecutorial function.

16. This honorable Court has original jurisdiction, under 28 U.S.C. § 1331, of "all civil actions arising under the Constitution, laws, or treaties of the United States," including (without limitation) cases founded on 42 U.S.C. § 1983. Original subject-matter jurisdiction also is supplied by 28 U.S.C. § 1343(a)(3), and (4).

17. Accordingly, removal is proper and authorized, under 28 U.S.C. § 1441(a), and (b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."). Under Section 1441(c) (emphasis added), "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed . . . ."

18. Section 1446(d) of Title 28, states, "Promptly after the filing of such notice of removal of a civil action the [removing] defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further

unless and until the case is remanded." The required notification to all parties, and filing of notice in state court, shall be performed promptly, upon the assignment of a civil action number by this honorable Court, to the removed case.

## **PRESERVATION OF AFFIRMATIVE DEFENSES**

Although the assertion of affirmative defenses is not necessarily required, by the FEDERAL RULES OF CIVIL PROCEDURE, to be included in a Notice of Removal, as opposed to an initial responsive pleading, Defendant Bader respectfully asserts and preserves the following affirmative defenses:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims against Defendant Bader are barred, in whole or in part, by the doctrine of absolute prosecutorial immunity from tort lawsuits, including without limitation lawsuits founded on 42 U.S.C. § 1983, in particular. See, e.g., Van de Camp v. Goldstein, __ U.S. __; 129 S. Ct. 855 (2009); Imbler v. Pachtman, 424 U.S. 409, 428, 430; 96 S. Ct. 984 (1976).

3. In the unlikely event, and to the limited extent, that any of the allegations against Defendant Bader are viewed as involving some function other than prosecutorial "activities . . . intimately associated with the judicial phase of the criminal process," see Imbler, at 430, still, any and all claims by the Plaintiff against Defendant Bader, are conclusively barred by the doctrine of qualified immunity. See, e.g., Pearson v. Callahan, __ U.S. __; 129 S. Ct. 808 (2009); Anderson v. Creighton, 483 U.S. 635, 640; 107 S. Ct. 3034 (1987) ("[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action . . . turns on the 'objective legal reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly

established' at the time it was taken.") (citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818-19; 102 S. Ct. 2727 (1982)).

4.  Although federally-recognized immunity doctrines appear to cover any and all legal theories actually pleaded by the Plaintiff, if and to the extent that Plaintiff is deemed to assert a claim or cause of action against Defendant Bader that is based on state, rather than federal, law, then under well-established Michigan law, Defendant Bader is entitled to the same absolute prosecutorial immunity from state common-law and statutory tort claims, as he enjoys for federal § 1983 claims. <u>See</u> <u>Bischoff v. Calhoun Co. Prosecutor</u>, 173 Mich. App. 802, 808; 434 N.W.2d 249 (1988); <u>Payton v. Wayne County</u>, 137 Mich. App. 361, 367-71; 357 N.W.2d 700 (1984); <u>Davis v. Eddie</u>, 130 Mich. App. 284, 286-88; 343 N.W.2d 11 (1983).

5.  Moreover, if and to the extent that Plaintiff is deemed to assert a claim or cause of action against Defendant Bader that is based on state, rather than federal, law (plaintiff is not believed actually to have done so), then such state-law claims are barred in whole or in part by the applicable statute of limitations. <u>E.g.</u>, and without limitation, MCL 600.5805.

6.  If, and to the extent, that Plaintiff is deemed to assert any federal claim or cause of action other than 42 U.S.C. § 1983 (plaintiff is not actually believed to have done so), then such federal claims are barred by the applicable limitations period.

7.  Any and all state-law claims against Defendant Bader (if any) are wholly barred by the statutory immunity for government workers established in Michigan's Government Tort Liability Act. <u>See</u> MCL 691.1407(2).

8.  Plaintiff's claims against Defendant Bader are barred in whole or in part by the equitable doctrine of *laches*.

9.  Plaintiff's claims against Defendant Bader are barred in whole or in part by the doctrine of unclean hands.

10. Plaintiff's claims against Defendant Bader are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

11. Defendant Bader reserves the right to add additional affirmative defenses as they may become known during the course of litigation.

Dated: October 1, 2010

Respectfully submitted,

/s/ Eric C. Grimm
Theodore N. Williams, Jr. (P32291)
Eric C. Grimm (P58990)
WILLIAMS, HUGHES & COOK, PLLC
Attorneys for Joseph Bader
120 West Apple Ave., P.O. Box 599
Muskegon, MI 49443-0599
Telephone: 231-726-4857
Email: tedwillliams@whcspc.com